WILLIAM W. GILMER and JOHN S. JOHNSON and his wife MARY ANN JOHNSON vs. BENJAMIN H. CAMERON, Guardian, &c.

*Bill for Discovery, Relief and Account—Verdict for Defendant, and motion for new trial.*

1st. That a Jury had spirits in their room of which they did not drink, is no ground for a new trial.

2nd. The Court will not grant a new trial on the ground that the verdict is against evidence, when there is evidence on both sides, and on which the Jury might fairly predicate their verdict.

3rd. A receipt in full is not conclusive against the party who gives it, but may be explained.

This was a bill in Equity, filed by complainants against the defendant, as guardian of the said *William W.* and the said *Mary Ann,* for their distributive shares of the estate of their deceased father in the hands of their said guardian, which came on for trial on the appeal at the last term of this Court, when the Jury found a verdict for the defendant. A motion was made for a new trial upon the following grounds :

1st. Because the Jury, after they had been charged with said cause, and while deliberating on their verdict, had conversation with divers persons without the leave of said Court, and had in their Jury room ardent spirits, of which they drank freely, and also partook freely of ardent spirits out of their Jury room, while they were charged with said cause.

2. Because the verdict of the Jury was contrary to both Law and evidence, and the charge of the Court.

On the argument of this motion, it did not appear that the Jury had held any conversation with any person. On the other branch of the first ground, it appeared, that a bottle was seen suspended by a rope which was drawn up on the outside of the house and taken into the Jury room at a window—two of the Jurors testified that they saw it,

[Gilmer & Johnson, &c. vs. Cameron, guardian.]

and one that he took it and smelt it—that it smelt like spirits of some kind, and that he took it and carried it out of the room. This is the only evidence of improper conduct on the part of the Jury. In opposition to this, the defendant has produced the affidavit of each member of the Jury, stating that he did not, after being charged with said case and before the verdict was returned, drink spirits of any kind, and that he did not know of any other member of said Jury's doing so. This, then, is sufficient evidence, in the absence of all proof to the contrary, to satisfy the mind of the Court that no spirits was drunk by the Jury ; but it is contended, that it was highly improper for them to have spirits in their room, and that it could have been taken there for no other purpose than for the use of the Jury. It is true, this conduct was improper and such as to subject the Jury to suspicion, (and the conduct of a Jury should always be such as to be above suspicion,) but I know of no Law or precedent which would authorize the Court to grant a new trial upon the ground that there was spirits in the Jury room, when there was positive evidence that it had not been tasted by any one of the Jury. It was decided by the Court, in a case reported in *Cowen's* Repts., 7th vol., 562, that when one of the Jury drank spirits, after being charged with the case, that it was a sufficient ground for the granting of a new trial, but I know of no authority that goes any further.

The second ground is, that the verdict is contrary to both Law and evidence, and the charge of the Court. The rule upon this subject is this : that when there is any evidence to authorize or support the verdict, the Court will not grant a new trial upon the ground that the verdict is contrary to the weight of evidence. The defendant rested his defence upon the ground that he had a full and fair settlement with complainants after they were of age and competent to settle, and had paid them all that was due them and taken their receipts in full, which receipts were given in evidence to the Jury on the trial. It appeared also on the trial, that the settlement was not made by the parties themselves, but that they had mutually agreed to refer the accounts of the guardian (the defendant) to three competent persons to make the calculations and settlement for them, and that after said calculations were made, defendant requested complainants to take the books and look over and examine the accounts for themselves, and that they did so, and that after making said

[*Gilmer & Johnson, &c. vs. Cameron, guardian.*]

examination the complainant, *Gilmer,* claimed the additional sum of three hundred and fifty-six dollars and fifty-two cents, and *Johnson* the additional sum of two hundred and twenty dollars and six cents, which amounts were paid by defendant, the complainants giving him their receipts in full. It is true, as contended on the part of complainants, that these receipts are not conclusive between the parties, but they are certainly *prima facie evidence,* and would be sufficient evidence of satisfaction, unless it could be shewn that there was a mistake in the settlement, or that they had been obtained by fraud, or that they had been given by the parties when they were ignorant of their legal rights, and there was no evidence within the recollection of the Court to that effect, but on the contrary the settlement seems to have been made with great firmness and deliberation : in addition to this, there is an allegation in complainants' bill, " that any receipts which defendant may hold from them, of a settlement with them, are fraudulent, and were obtained by a fraudulent representation of the condition of said estate by said defendant, and a fraudulent concealment on his part of many of his actings and doings in the management of said estate," which charge is fully and positively denied by defendant's answer, and there having been no evidence on the trial to contradict said answer, it was evidence for the defendant. It has been contended by complainants' counsel, that taking the returns of defendant as to the amount of his indebtedness and the sums which he shews that he has paid by the receipts of complainants, and there will still be a considerable balance found in favour of complainants, and that therefore the verdict was contrary to evidence ; but when a party receives a smaller sum than the amount of a debt due him, which he acknowledges to be in full of the debt, (according to the doctrine laid down by Chief Justice MARSHALL, in the case of *Henderson* vs. *Moore,* 5th *Cranch's* Reports, 11,) the Jury would have the right to presume, therefore, that the whole debt had been paid, and that the receipt was taken for the amount paid at the time, it being a balance of the original indebtedness, and I think there was some evidence in this case that there had been money paid which was not included in the receipt. But even admitting it to be true, that there was a balance due them, is this any reason why the submission and settlement made by them should be set aside, provided it was made fairly and without any fraud or concealment, and when they had a full knowledge of all their legal

[Gilmer & Johnson, &c. vs. Cameron, guardian.]

rights, unless there had been some mistake which is not alleged in this case? I think not. I am therefore of opinion, that the verdict is not without evidence to support it, and therefore not contrary to evidence, nor do I consider it contrary to Law.

The Court, in this case, as in all others, endeavored to charge the Jury as to the Law applicable to the case, and it was the peculiar province of the Jury to find the facts and make an application of the Law to the facts, and as the Court did not charge the Jury what their finding should be, I can not say that the finding was contrary to the charge of the Court.

It is therefore ordered, that the motion for a new trial be refused, and the verdict affirmed.

WILLIAM EZZARD, J. S. C. C. C.